## UNITED STATES v. D'ELIA.
### No. 4516.

Circuit Court of Appeals, Third Circuit.
Feb. 16, 1931.

Louis E. Graham, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., James T. Brady, Asst. Gen. Counsel, U. S. Veteran's Bureau, of Washington, D. C., Vincent A. Baldauf, Regional Atty., U. S. Veteran's Bureau, of Pittsburgh, Pa., and Bayless L. Guffy, Atty. U. S. Veteran's Bureau, and C. L. Dawson, both of Washington, D. C., for the United States.

William Kaufman, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court entered upon the verdict of a jury which found that the appellee, who was plaintiff below and will hereinafter be so designated, was totally and permanently disabled when he was discharged from the army, at which time his policy of war risk insurance was in force.

The plaintiff entered the army on October 6, 1917, and served as a private therein until April 7, 1919, when he was honorably discharged. Soon after entering the army, plaintiff made application for war risk insurance, and a policy for $10,000 was issued to him on which the monthly premiums were paid until his discharge.

The plaintiff alleged, and the jury found, that at the time of his discharge he was totally and permanently disabled by shell explosion which covered him completely with earth and produced psycho-neurosis, neurasthenia, osteoarthritis, etc. No further premiums were paid after his discharge, but if he was totally and permanently disabled at that time the policy did not lapse, but under its provisions matured.

On January 30, 1929, plaintiff made application to the defendant through its Veterans' Bureau and the director thereof for the aggregated monthly payments under the policy of $57.50 per month from the date of discharge to the date of the application. This was denied, and the plaintiff brought this suit to recover these payments, and the issue was whether or not the plaintiff was totally and permanently disabled at the time of his discharge.

The case was tried to the court and jury, and a verdict was returned for the plaintiff, and the question before us is whether or not there was any substantial evidence to sustain the judgment entered on the verdict. In other words, was there any substantial evidence to show that the plaintiff was totally and permanently disabled at the time he was discharged and the monthly payments stopped?

If there was, the policy matured and the judgment should be affirmed; if there was not, the policy lapsed and the judgment should be reversed.

By virtue of the power vested in him by the act (War Risk Insurance Act § 13, 40 Stat. 555, and World War Veterans' Act § 5, 38 USCA § 426), the director of war risk insurance defined "total disability" to be "any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation."

He defined total disability to be "permanent" "whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it."

There was evidence sufficient to show that the plaintiff was in good physical condition when he entered the service on October 6, 1917; that in August, 1918, he was severely shocked by shell explosion which completely buried him with earth; that he never thereafter engaged in active service in France, but was continuously in hospitals there until he was brought home as a casual on a battle ship and finally discharged on April 7, 1919; that he had pain in his head, eyes, was sore in his back, legs and "all over," and could not stand up; that he was in a number of hospitals for months at a time; that he continued in this condition from the date of the accident until the trial; that he tried to work, got a job with the Pennsylvania Railroad Company, but could not keep it; that he worked for the Westinghouse Company for a short time, but was unable to continue and had to give up; that he has not been able to take "any job at all" since 1920.

Dr. W. H. Long, a specialist in nervous and mental diseases, examined the plaintiff in 1927 and 1928 and found him suffering from "psycho-neurosis, hysteria and constitutional psychopath." He was examined by the Rating Board No. 2, Cincinnati Regional office, Cincinnati, Ohio, in May, 1929, and it found him totally disabled at that time. The plaintiff said that he had been in the same condition ever since his injury.

We think that this was substantial evidence from which the jury could find that he was totally disabled at the time of his discharge and that the total disability which had continued from the time of the accident in 1918 to 1929 was evidence under the circumstances of this case from which the jury could find that the total disability was permanent.

Accordingly, the judgment is affirmed.